1
2
3
4
5
6
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIAN SIMONIS, et al., | No. CIV S-08-2303-LKK-CMK |
| Plaintiffs, | |
| vs. | ORDER |
| ERIC MAGRINI, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiffs, who are proceeding pro se, bring this civil action. An initial status/ scheduling conference was scheduled for December 3, 2008, at 10:00 a.m. in Redding, California. Plaintiffs failed to file a status/scheduling conference statement and did not appear at the scheduled hearing. On December 4, 2008, the court directed plaintiffs to show cause why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders. See Local Rule 11-110. Plaintiff's filed a response on December 17, 2008.

      In their response, plaintiffs state that their "Motion for Summary Judgment," filed on November 5, 2008, obviated the need for them to file a status conference statement or appear at the December 3, 2008, hearing. Specifically, plaintiffs claim that, through their motion, they have demonstrated that there are no genuine issues of material fact because defendants admitted

1

liability in their answer.  Plaintiffs are incorrect with respect to their characterization of both the nature and effect of their motion.  As to the nature of their motion, it is not a proper motion for summary judgment for at least two reasons.  First, it is premature in that no parties have had any meaningful opportunity to conduct discovery.  Second, defendants' answer does not make any admissions as to liability.  To the contrary, they deny many of the key allegations of the complaint and they assert a number of affirmative defenses.  See Doc. 6.  By separate findings and recommendations, the court will recommend that the "Motion for Summary Judgment" be denied.

As to the effect of their November 5, 2008, motion, plaintiffs are incorrect that the filing of the motion relieved them of the requirement to comply with the court's order to file a status/scheduling conference statement.  In particular, such a statement would have provided plaintiffs a way to address the Magrini bankruptcy and its effect on this case.  The court will re-set the matter for a status/scheduling conference.  The parties will be required to file a joint status/scheduling conference which addresses, among other things, the Magrini bankruptcy.  Plaintiffs are warned that failure to comply with this order, or appear at the hearing, may result in dismissal of this action.  See Local Rule 11-110.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause issued on December 4, 2008, is discharged;

2. This matter is set for a status/scheduling conference on February 12, 2009, at 10:00 a.m. in Redding, California;

3. At least seven days prior to the hearing, the parties shall file a joint status/scheduling conference statement which addresses the following:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

   e. Anticipated motions and the scheduling thereof;

   f. The potential for settlement;

   g. Anticipated discovery and the scheduling thereof;

   h. Whether and/or how this case relates to other cases, in particular the Magrini bankruptcy; and

   I. Whether the parties will stipulate to Magistrate Judge jurisdiction for all purposes;

  4. The Clerk of the Court is directed to serve on all parties the court's Magistrate Judge consent form along with a copy of this order.

DATED: January 14, 2009

              _____
               **CRAIG M. KELLISON**
               UNITED STATES MAGISTRATE JUDGE