IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIAN SIMONIS, et al., | No. CIV S-08-2303-LKK-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| LARRY FITCH, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiffs, who are proceeding pro se, bring this civil action. Pending before the court is defendants' motion to dismiss (Doc. 41).[1] A hearing was held on defendants' motion on November 5, 2009. Rodney Blaco, Esq., appeared for defendants. Plaintiffs did not appear at the hearing. At the court's invitation, defendants submitted a supplemental memorandum regarding the court's options as to the companion action against Magrini should the court recommend dismissal of this action.

---

[1] The motion lists the following as moving parties: Eric Magrini, Larry Fitch, Terrisa Clemens, Pamela Depuy, and Shasta County. Magrini, however, has filed a bankruptcy petition. Given the resulting automatic stay, and in an abundance of caution, Magrini was severed from this action and a new companion action opened as to him so that proceedings could continue as to the remaining defendants. In light of this history, Magrini is not a defendant to this action and not a proper moving party.

1

1    Defendants' motion is brought under Federal Rule of Civil Procedure 37(b) and
2 arises from plaintiffs' non-compliance with the court's July 10, 2009, order directing plaintiffs to
3 provide responses to discovery requests and pay $600.00 in monetary sanctions.  Insofar as
4 defendants have demonstrated by declaration that discovery responses were never served and
5 sanctions never paid, and given plaintiffs' failure to oppose the motion or otherwise explain their
6 non-compliance with the court's order, the court finds that dismissal sanctions are appropriate.
7 See Fed. R. Civ. P. 37(b)(2)(A)(v).

8    As to Magrini, the court finds that there is no basis for dismissal of the companion
9 action in light of the procedural history resulting in the recommended dismissal of this action.
10 Specifically, the dismissal recommendation flows from plaintiffs' non-compliance with an order
11 to provide responses to discovery propounded by defendants to this action, not Magrini.  Thus, it
12 would not be appropriate to dismiss plaintiffs' companion action against Magrini given that
13 plaintiffs have not failed to comply with any order regarding discovery propounded by Magrini.
14 Defendants have not been able to point to any authority which would allow dismissal of the
15 companion action against Magrini based on the procedural history outlined above.

16    Defendants suggest that Magrini is willing to seek to have the automatic stay
17 lifted presumably so that Magrini could be made a defendant to this action again and the court
18 could consider dismissal as against Magrini on the current motion.  For the reason discussed
19 above, the court finds that this would not be an adequate solution.  Whether Magrini is a
20 defendant to this action or a companion action, the fact remains that plaintiffs have not failed to
21 comply with any order regarding discovery propounded by Magrini for the simple reason that he
22 has not propounded any discovery.  For dismissal under Rule 37(b)(2)(A) to be appropriate as to
23 Magrini, he would have to propound discovery, plaintiffs would have to fail to timely respond,
24 the court would have to order plaintiffs to provide responses, and plaintiffs would have to
25 disobey that order.
26 / / /

If Magrini were to obtain an order from the bankruptcy court lifting the automatic stay, then the companion action could proceed. The court would then hold a scheduling conference and allow the parties to conduct discovery. Whether plaintiffs fail to respond to discovery requests propounded by Magrini in the companion cases and disobey a court order to provide such requests is a question for a later day.

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 41) be granted;

2. This action be dismissed without prejudice for plaintiffs' failure to comply with the court's July 10, 2009, order; and

3. The Clerk of the Court enter judgment of dismissal and close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 17, 2009

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE