UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LILLIAN SIMONIS, et al.,

        Plaintiffs,

    v.

LARRY FITCH, et al.,

        Defendants.

                                /

NO. CIV. S-08-2303 LKK/CMK

O R D E R

The court previously entered judgment against plaintiffs for failure to comply with discovery orders. Plaintiff Lillian Simonis (hereinafter "plaintiff") requests relief from the judgment against her and summary judgment in her favor. For the reasons set forth below, these requests are denied.

## I. Background

Plaintiff brought claims alleging unlawful seizure, kidnap, and torture against defendants Shasta County and various named officers thereof.

On July 10, 2009, the Magistrate Judge assigned to this case ordered plaintiff to respond to discovery requests and to pay $600

1

1  in monetary sanctions.  Dkt. No. 40.  Plaintiff failed to do so.
2  Defendants moved for dismissal as a sanction under Fed. R. Civ. P.
3  37(b)(2)(A)(v).   Plaintiff did not file an opposition to this
4  motion and did not attend the November 5, 2009 hearing thereon.
5  On November 11, 2009, the Magistrate Judge submitted findings and
6  recommendations recommending dismissal of plaintiff's claims
7  without prejudice as a sanction for plaintiff's failure to comply
8  with the July 10, 2009 order.  Dkt. No. 49.  Plaintiff filed
9  objections.  After considering these objections, the court adopted
10 the findings and recommendations on February 23, 2010.  Dkt. No.
11 52.  Judgment was entered the next day.  Plaintiff now seeks relief
12 from this judgment.

13     Tangential to these proceedings, one of the named defendants,
14 Eric Magrini, filed a suggestion of bankruptcy on November 19,
15 2008.  Dkt. No. 11.  In light of the automatic stay imposed by
16 Magrini's bankruptcy petition, the Magistrate Judge severed the
17 claims against Magrini, copying plaintiff's complaint against him
18 into a separate action.  Order of Feb. 17, 2009, Dkt. No. 29.  The
19 separate action was denominated <u>Simonis v. Magrini</u>, No.
20 2:09-cv-00446-LKK-CMK, and remains stayed.  Because Magrini was not
21 party to the subsequent discovery requests in this action,
22 defendants' motion to dismiss and the entry of judgment in this
23 case do not affect the case against Magrini.

### II. Standard

25     The court may grant reconsideration of a final judgment under
26 Federal Rule of Civil Procedure 60(b).  Plaintiff invokes three

1  paragraphs under this subsection: Rule 60(b)(3), for fraud,
2  misrepresentation, or misconduct of an opposing party; (b)(4), "the
3  judgment is void;" and (b)(6), "any other reason that justifies
4  relief." Here, plaintiff's motion is timely, in that it is brought
5  within two weeks of the judgment, which is undoubtedly "a
6  reasonable time" after the judgment was entered and within the one
7  year period required for a motion under (b)(3). See Fed. R. Civ.
8  P. 60(c)(1).

   Pursuant to Eastern District of California Local Rule 230(j),
10 when a party asks for reconsideration of a order granting or
11 denying a motion, the party is to set forth the material facts and
12 circumstances surrounding each motion for which reconsideration is
13 sought, including:

>    (1) when and to what Judge or Magistrate Judge
>    the prior motion was made,
>
>    (2) what ruling, decision or order was made
>    thereon,
>
>    (3) what new or different facts or
>    circumstances are claimed to exist which did
>    not exist or were not shown upon such prior
>    motion, or what other grounds exist for the
>    motion, and
>
>    (4) why the facts or circumstances were not
>    shown at the time of the prior motion.

22 While Local Rule 230(j) provides for what "counsel shall present"
23 to the court upon a motion for reconsideration, the definitions
24 contained in Local Rule 101 define "counsel" as including pro se
25 litigants.
26 ////

3

### III. Discussion

Plaintiff presents roughly four arguments for relief. First, plaintiff argues that defendants misrepresented the nature of the claims against Magrini and the effect of the bankruptcy stay. Plaintiff contends that defendants represented that these claims were against Magrini personally, whereas plaintiff argues that these claims are actually against Magrini's surety. Plaintiff apparently draws from this argument the conclusion that the Magrini's bankruptcy petition should not have affected this suit, such that the stay and severance were improper. Without addressing the substance of these contentions, the court notes that this argument has no bearing on plaintiff's failure to respond to discovery orders or plaintiff's failure to oppose the motion to dismiss. As such, this argument cannot entitle plaintiff to relief here.[1]

Second, plaintiff alleges misconduct by defendants in inducing former plaintiff Hannah Moore to withdraw from the lawsuit. Moore and defendants stipulated to Moore's disimssal of her claims in exchange for defendants' waiver of costs and fees. <u>See</u> Stipulation and Order entered Feb. 13, 2009, Dkt. No. 25. Plaintiff previously contended that Moore's withdrawal was secured by improper intimidation. <u>See</u> Plaintiff's Notice filed March 11, 2009, Dkt. No. 31, and Plaintiff's Request for a Status

---

[1] Moreover, the court notes that the severance has in part worked to plaintiff's benefit: it is only because of this severance that the claim against Magrini remains pending.

4

Conference filed April 6, 2009, Dkt. No. 34. Again, however, plaintiff has not offered any connection between this alleged misconduct and plaintiff's failure to respond to discovery requests or plaintiff's failure to oppose the motion to dismiss.

Third, plaintiff contends that defendants have also refused to respond to plaintiff's discovery requests. Having reviewed the entire file, the court concludes that this is the first time plaintiff argues that defendants have refused to respond to discovery. Insofar as this issue could have been raised previously but was not, it cannot demonstrate that the orders compelling discovery and dismissing the action were improper. Once again, the alleged conduct has inadequate connection to the ground for dismissal.

Fourth, plaintiff contends that it is improper to dismiss a constitutional claim for procedural reasons. Plaintiff is correct that public policy favors resolution of claims on the merits. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Nonetheless, the court previously determined that dismissal was warranted here, and plaintiff raises no new argument on this issue.

Finally, plaintiff asserts that the prior judgment is "void" under Fed. R. Civ. P. 60(b)(4). This assertion is made without argument, but is apparently merely a reiteration of the above four grounds. Thus, plaintiff implies that the judgment is void because the court should grant plaintiff's motion for relief. Because the court rejects the preceding arguments this argument

also fails.

Accordingly plaintiff's motion for relief from judgment, Dkt. No. 54, is DENIED. Because the court declines to reconsider the prior dismissal of this case, plaintiff's concurrently filed motion for summary judgment, Dkt. No. 55, is also DENIED. Accordingly, the hearing previously set for April 19, 2010 is VACATED.

IT IS SO ORDERED.

DATED: April 14, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT